a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHNOTHAN FIELDS #74421,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00195<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| SHERIFFS OFFICE AVOYELLES PARISH,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint (ECF No. 1) under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Johnothan Fields ("Fields"). Fields is a pretrial detainee housed at the Avoyelles Parish Jail ("APJ") in Marksville, Louisiana. Fields seeks monetary damages for the alleged violation of his constitutional rights.

Because Fields' criminal charges are still pending, his Complaint—and all amended complaints—should be partially DENIED and partially STAYED.

I.  **Factual Background**

In his original Complaint, Fields alleges that he is being detained under the "system of malice and unjust laws" of the Bunkie Police Department. ECF No. 1 at 3. He also alleges that the APJ contains rust, mold, and flooding toilets. *Id.* Finally, Fields alleges that his bond is excessive. *Id.*

In a subsequent letter to the Court, Fields complains that he was subjected to excessive force during his arrest by the Bunkie Police Department and is being denied medical care for his injuries. ECF No. 7.

In an Amended Complaint (ECF No. 13), Fields alleges that he was approached by Officers Gimmerson and Bihm at a gas station and instructed to get in a squad car. Fields attempted to walk away, but he was handcuffed and forcibly escorted to the car. ECF No. 13 at 1. Fields alleges that Gimmerson opened Fields's left eye and repeatedly sprayed him in the eye, presumably with a chemical spray. *Id.* He claims that Officer Bihm punched him in the face, and Gimmerson hit him in the groin area. ECF No. 13 at 2. Fields also claims that his leg and foot were repeatedly slammed in the door of the squad car. *Id.*

Fields states that an ambulance arrived at the Bunkie police station, and saline solution was applied to his eyes. ECF No. 13 at 2. The officers then took Fields to the Avoyelles Parish Sheriff's Office in Marksville. *Id.* at 3.

According to the arrest report that Field's attached to his Complaint, he was charged with unauthorized use of a motor vehicle, resisting a police officer with force or violence, resisting arrest, battery on a police officer, interfering or obstructing a fireman, and contempt. ECF No. 13-1 at 7. Fields alleges that his bond on all charges totals $40,000. *Id.* at 7.

II. <u>Law and Analysis</u>

A. <u>Fields's Complaint is subject to preliminary screening.</u>

As a prisoner seeking redress from an officer or employee of a governmental entity, Fields's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis* (ECF No. 11), his Complaint is also subject to screening under 28 U.S.C. §1915(e). Both §§ 1915A(b) and 1915(e) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

B. <u>Fields cannot state a claim against the Avoyelles Parish Sheriff's Office.</u>

Fields names the Avoyelles Parish Sheriff's Office as a Defendant in his Complaint. Louisiana sheriff's offices or sheriff's departments are not juridical

3

entities capable of being sued. *See Sipes v. City of Monroe*, No. 11-CV-1668, 2013 WL 1282457, at *3 (W.D. La. Mar. 28, 2013) (collecting cases).

    C.    <u>Fields fails to state a claim for the denial of medical care or conditions of confinement.</u>

The constitutional rights of a pretrial detainee are found in the procedural and substantive due process guarantees of the Fourteenth Amendment. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (*en banc*); *see also Estate of Henson v. Krajca*, 440 F. Appx. 341, 343 (5th Cir. 2011) ("The Fourteenth Amendment requires that state officials not disregard the 'basic human needs' of pretrial detainees, including medical care."). In the Fifth Circuit, the legal standard used to measure the due process rights of pretrial detainees depends on whether the detainee challenges the constitutionality of a condition of his confinement or an episodic act or omission of an individual state official. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644-45 (5th Cir. 1996). Fields complains about both the conditions of his confinement and the episodic denial of medical care.

The Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment. *Collins v. Ainsworth*, 382 F.3d 529, 540 (5th Cir. 2004). Fields complains of rust, mold, and unsanitary toilets at APJ. However, courts have consistently held that these physical conditions are nothing more than *de minimis* inconveniences that do not constitute "punishment" or otherwise rise to the level of constitutional violations. *See, e.g., Heaton v. Normand*, 17-CV-405, 2017 WL 3268341, at *4 (E.D. La. June 22, 2017) ("[T]he jurisprudence has repeatedly held that the mere fact that mold is present in

a jail does not render an inmate's confinement unconstitutional."), *report and recommendation adopted*, 2017 WL 3252813 (E.D. La. July 31, 2017); *Simmons v. Gusman*, No 14-CV-1907, 2015 WL 151113, at *4 (E.D. La. Jan. 12, 2015) ("[T]he mere fact that fungus, mold, mildew, and rust are present [in a jail] does not warrant relief."); *Eaton v. Magee*, No. 2:10-CV-112, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012) ("Plaintiff's claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation."); *Barnett v. Shaw*, No. 3:11-CV-0399, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011) (holding that allegation of "excessive amount of black mold in the showers and sinks" was insufficient to raise a claim for constitutional violation), *report and recommendation adopted*, 2011 WL 2214383 (N.D. Tex. June 7, 2011); *Reynolds v. Newcomer*, No. 09-CV-1077, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010) (complaints of "the presence of black mold in living areas, eating areas, and shower areas" were nothing more than "a de minimis level of imposition with which the Constitution is not concerned"); *McCarty v. McGee*, No. 2:06-CV-113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation.").

For a claim regarding episodic acts like the denial of medical care, a plaintiff must allege that the defendant acted with "deliberate indifference" to a serious medical need. *See Hare*, 74 F.3d at 647-48. For an official to act with deliberate indifference, the official must: (1) be aware of facts from which the inference could be

5

drawn that a substantial risk of serious harm exists; and (2) he must also draw the inference. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Fields alleges that he was denied medical care after his arrest. However, he also states that EMTs treated him at the Bunkie police station before he was transferred to the APJ. ECF No. 13 at 2. Additionally, Fields attaches exhibits indicating that he requested and received medical care on at least three occasions at APJ. ECF No. 13-1 at 1, 2, 4. Fields does not allege that he suffers from a serious medical need, and his allegations do not support the conclusion that he was denied care.

    D.    <u>Fields does not state a claim for excessive bail.</u>

A prohibition against excessive bail exists even though there is no absolute constitutional right to bail. *Broussard v. Par. of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003). In *Stack v. Boyle*, the United States Supreme Court held that "bail set at a figure higher than an amount reasonably calculated to ensure the defendant's presence at trial is 'excessive' under the Eighth Amendment." *Id.* (quoting *Stack v. Boyle*, 342 U.S. 1, 5 (1951)).

Assuming that the prohibition against excessive bail applies to the states through the Fourteenth Amendment, *see Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Broussard v. Par. of Orleans*, 318 F.3d 644, 650 n.25 (5th Cir. 2003), Fields has not provided any support for his conclusion that $40,000 bail is unreasonable or arbitrary for the charges of unauthorized use of a motor vehicle ($10,000); resisting a

6

police officer with force or violence ($8,000); resisting arrest or officer ($2,000); battery on a police officer ($10,000); interfering/obstructing a fireman ($10,000); and contempt – fail to appear[1]. ECF No. 13-1 at 7.

### E. Fields fails to state a speedy trial claim.

A pre-trial detainee who challenges his incarceration on speedy trial grounds must raise the claim pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997); *Robinson v. Wade*, 686 F.2d 298, 302–03, 303 n. 8 (5th Cir. 1982)). However, before challenging confinement in federal court, state prisoners must exhaust available state court remedies. *See Dickerson*, 816 F.2d at 224–225; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973).[2]

---

[1] No bond amount was provided for this charge.

[2] Louisiana provides remedies to pre-trial detainees who wish to contest the legality of their custody. *See* La. C. Cr. P. arts. 351 *et seq*. Louisiana also provides a statutory remedy for the violation of a criminal defendant's right to a speedy trial. *See* La. C. Cr. P. art. 701. Fields claims that he has filed a request for a speedy trial which has been ignored by the trial court. However, to satisfy the exhaustion requirement, a petitioner must have sought review in all appropriate state courts before filing a lawsuit in federal court.

7

      **F.**    <u>**Fields's claims related to excessive force are barred by *Heck v. Humphrey*.**</u>

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, when a state inmate seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Fields claims that Officers Gimmerson and Bihm used excessive force during his arrest. However, according to his exhibits, Fields's charges include resisting a police officer with force or violence, resisting arrest, and battery on a police officer. ECF No. 13-1 at 7. If Fields is convicted of resisting or battery, he may not be entitled to seek relief for the excessive force claim until the convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, Fields's claim clearly implicates the validity of his pending criminal charges.

While the rule in *Heck* presumes that there has already been a conviction rather than pending criminal matters, a successful excessive force claim could impact

8

and even invalidate any future conviction on those charges. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges). When the related charges are still pending, the federal courts may, but are not required to, stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. *See Kato*, 549 U.S. at 393-94; *see also Hopkins v. Ogg*, 783 F. App'x 350, 355 & n.20 (5th Cir. 2019) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)). Because his claims are still pending, Fields's excessive force claim should be stayed until the resolution of the state charges. *See Hopkins*, 783 F. App'x 350, 355 (5th Cir. 2019) ("If a pretrial detainee brings claims that may ultimately be barred by *Heck*, the best practice is for the district court to stay the proceedings until the pending criminal case is resolved.").

### III. Conclusion

Because Fields' state charges are still pending, IT IS RECOMMENDED that his Complaint (ECF No. 1)—and all amended complaints—be DENIED and DISMISSED WITH PREJUDICE under §§ 1915 and 1915A, except the excessive force claim in an Amended Complaint (ECF No. 13), which should be STAYED pending the resolution of the state criminal charges.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, May 21, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE